UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN M GIGANTI,

          Plaintiff,

v.                                                        Case No. 23-cv-1576-bhl

KILOLO KIJAKAZI,
Acting Commissioner of SSA,

          Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE

On November 22, 2023, Plaintiff Susan M. Giganti filed a Social Security Complaint seeking review of a final decision by the Acting Commissioner of the Social Security Administration. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

In her motion, Giganti indicates that she receives Long Term Disability income in the amount of $2393.40 per month. (ECF No. 3 at 2.) Against this, she lists $2344.90 in monthly expenses, (*id.* at 3), for a net positive income of roughly $50 per month. She lists $14,889.90 in a 401k and no other assets. (*Id.* at 4.) On these facts, it appears that Giganti is sufficiently indigent for a fee waiver. While she has a modest net monthly income, her only other assets appear to be illiquid, limiting her ability to pay the filing fee. Her request for a fee waiver will therefore be granted.

This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C.

§1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

Here, Giganti timely invoked this Court's jurisdiction pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) She argues that the administrative law judge decision denying her claim for Social Security benefits is not supported by substantial evidence and is contrary to law. (*Id.*) This is not frivolous and states an arguable claim. As a result, the Court will grant Giganti's request to waive prepayment of the filing fee.

**IT IS HEREBY ORDERED** that Plaintiff Susan M. Giganti's motion for leave to proceed without prepayment of the filing fee, ECF No. 3, is **GRANTED**.

Dated at Milwaukee, Wisconsin on November 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge